UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LYDIA C. HENRY, on behalf of herself and others similarly situated,

Plaintiff,

v.

CORA MCCORVEY, in her official capacity as Executive Director of the Minneapolis Public Housing Authority, and MINNEAPOLIS PUBLIC HOUSING AUTHORITY,

Defendants.

Civil No. 01-2080 (DSD/JMM)

PRETRIAL SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings

March 1, 2002 - All motions which seek to amend the pleadings or add parties must be served and filed.

July 29, 2002 - All motions of any kind relating to class action allegations, including motions to determine whether the action shall be maintained as a class action, and all supporting materials shall be served and filed by this date. See Rule 23(c)(1) of the Federal Rules of Civil Procedure and Local Rule 7. Plaintiffs shall obtain a hearing date from the Calendar Clerk of the District Court.

Filed JAN 1 5 2002
Richard Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

August 28, 2002 - Defendants' Response to any class action motion shall be served and filed.

August 30, 2002 - Plaintiffs' Reply shall be served and filed.

Discovery/Nondispositive Motions/Dispositive Motions/Trial

The parties may undertake discovery during the pendency of the Motions relating to class actions. It is to be expected that discovery will mostly relate to class action issues. Promptly after the decision of the District Court on the Motion for a Class Action, the parties shall schedule a pretrial conference at which this Court will establish the remaining deadlines for completion of all discovery, the submission of expert witness reports, and the presentation of Motions.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Dated: January 15, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

The provisions of Rule 23(c)(1), require that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." We agree with the authors of a learned treatise, who concluded:

> "[T]he court has an independent obligation to decide whether an action brought on a class basis is to be so maintained even if neither of the parties moves for a ruling under subdivision (c)(1). If the court were obliged to wait for a motion before making its determination, the parties would then control the timing for deciding the issue, and this could lead to abuses. For example, allowing the parties to delay the decision is

> unsatisfactory because of the obligation to give notice of the institution of the litigation to members of the class in an action under Rule 23(b)(3), and because the court generally should order notice given to class members in actions under Rule 23(b)(1) and Rule 23(b)(2). The longer the certification is postponed, the less the value of the notice to allow the absent class members to intervene or express their concerns to the court."

7B Wright-Miller-Kane, Federal Practice and Procedure, (1986) § 1785, pp.89-92.

Deadlines for the completion of other pretrial activities will be set by separate Order following the decision of the District Court on the class action motions.

J.M.M.