UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LYDIA C. HENRY, on behalf of herself and others similarly situated,

Plaintiff,

v.

CIVIL NO. 01-CV-2080 (DSD/SRN)

ORDER

CORA MCCORVEY, in her official capacity as Executive Director of the Minneapolis Public Housing Authority, and MINNEAPOLIS PUBLIC HOUSING AUTHORITY,

Defendants.

The above matter came on for hearing before the undersigned on July 1, 2002 upon Plaintiff's Motion for an Order Compelling Discovery [Docket No. 10]. Dorinda L. Wider, Esq. appeared on behalf of Plaintiff; Carol A. Kubic, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Defendant shall provide to Plaintiff, not later than August 16, 2002, full and complete amended responses to Interrogatory Nos. 1, 2, 3, 4 and 7 of Plaintiff's Interrogatories Set I. The responses shall be provided in the form of a written report and/or in an electronic format, listing individual minimum rent households that participated in Defendants' minimum rent programs for each month from October 1998 to the present.

FILED JUL 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

If an electronic report cannot be provided to Plaintiff in a format accessible by Plaintiff, Defendants shall provide Plaintiff access to a work station with software capable of accessing and manipulating the information sought by such Interrogatories. The report shall be comprised of separate columns identifying for each household: (1) an account number (that shall be masked so as to protect the actual identity of the tenant); (2) the amount of rent charged that month; (3) the amount of rent received that month; (4) the date, if applicable, that the household ceased to reside in MPHA housing; (5) the date(s) the MPHA advised the household of the financial hardship exemptions; (6) the date(s) the MPHA gave written notice(s) of failure to pay rent; (7) the date(s) the MPHA filed an eviction(s) or unlawful detainer action(s) against the household; (8) the rent alleged due in the notice(s) of termination; (9) the information concerning the eviction(s) or unlawful detainer action(s) sought in Interrogatory No. 4; (10) the disposition of the eviction or unlawful detainer action(s); and (11) the information concerning financial hardship exemption request(s) sought in Interrogatory No. 7. To the extent that the production of such information constitutes an unreasonable burden on the defendant, the parties are ordered to meet and confer to develop options for the production of the most critical information without excessive expense and time.

2. Defendants shall provide to Plaintiff, not later than August 16, 2002, full and complete amended responses to Requests Nos. 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 34 of Plaintiff's Requests for Production of Documents Set I, associated with Defendant's amended responses to Interrogatory Nos. 1, 2, 3, 4 and 7 as ordered produced in paragraph 1 of this Order.

3. Defendants shall provide to Plaintiff, not later than August 16, 2002, a full and complete amended response to Request No. 2 of Plaintiff's Request for Production of Documents. The response shall include each hardship request received by Defendants since October 1998.

4. Defendants shall provide to Plaintiff, not later than August 16, 2002, a full and complete amended response to Request No. 6 of Plaintiff's Request for Production of Documents.

5. Defendants shall provide to Plaintiff, not later than August 16, 2002, a full and complete response to Interrogatory No. 5 of Plaintiff's Interrogatories Set I. The response shall include all information concerning the monthly reports from Rent Collections circulated to property managers about minimum rent households under consideration for termination for nonpayment of rent, plus any policies, practices and procedures used by individual property managers when responding to residents' reporting changes in income that affected their rent calculation.

6. Defendants shall provide to Plaintiff, not later than August 16, 2002, a full and complete amended response to Request No. 31 of Plaintiff's Request for Production of Documents Set I. The response shall include all monthly reports from Rent Collections to property managers about accounts under consideration for termination for nonpayment of minimum rent and all documents maintained by individual property managers concerning residents' reported income changes.

7. Defendants shall provide to Plaintiff, not later than August 16, 2002, full and complete amended responses to Interrogatory Nos. 19 and 20 of Plaintiff's

Interrogatories Set I, including, but not limited to, all information concerning the Emphasiys™ software program and the HABCO software program.

8. All data and/or documents produced by Defendants pursuant to this Order shall be modified such that the account number associated with the data is masked, scrambled or otherwise disguised so as to conceal and protect the identity of tenants.

9. During the pendency of this litigation, Defendants and their respective officers, agents, servants, employees and attorneys are restrained and enjoined from altering, interlining, destroying, permitting the destruction of, or in any fashion changing any documents as defined in Plaintiff's Requests for Production of Documents Set I, including electronic records, in the actual or constructive care, custody, or control of such person, wherever such document is physically located, containing information that may be relevant to, or may lead to the discovery of information relevant to this litigation, except as required by paragraph 8 of this Order. To insure the preservation of such documents, the parties have discussed and are encouraged to continue discussing reasonable means to achieve this end.

10. Any document described or referred to in any discovery request or response shall be preserved and Defendants shall suspend implementation of all destruction provisions of their Information Technology Policy that may affect documents subject to discovery in this matter. Within ten days of this Order, Defendants shall designate by name, title, address and telephone number the individual who shall be responsible for ensuring that Defendants carry out the requirements of this paragraph. In addition, Defendants shall within ten days of the date of this Order inform Plaintiff's counsel

in writing of the designee's name, title, address and phone number.

11. All information and/or documents produced under this Order shall remain confidential and shall be designated as "ATTORNEYS' EYES ONLY."

12. The Amended Pre-Trial Scheduling Order dated February 4, 2002, in this matter is amended as follows:

| | |
|---|---|
| August 30, 2002 | All motions of any kind relating to class action allegations, including motions to determine whether the actions shall be maintained as a class action, and all supporting materials shall be served and filed by this date. See Rule 23(c)(1) of the Federal Rules of Civil Procedure and Local Rule 7. Plaintiffs shall obtain a hearing date from the Calendar Clerk of the District Court. |
| September 24, 2002 | On or before this date, Defendants' Response to any class action motion shall be served and filed in accordance with Local Rule 7.1(b). |
| October 2, 2002 | On or before this date, Plaintiff's Reply shall be served and filed. |

13. Plaintiff's request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(4) is denied.

Dated: July 26, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge