UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LYDIA C. HENRY, on behalf of herself and others similarly situated,

Plaintiff,

CIVIL NO. 01-CV-2080 (DSD/SRN)

v.

ORDER

CORA MCCORVEY, in her official capacity as Executive Director of the Minneapolis Public Housing Authority, and MINNEAPOLIS PUBLIC HOUSING AUTHORITY,

Defendants.

The above matter came on for hearing before the undersigned on July 30, 2002 upon Defendant's Motion for an Order Compelling Discovery [Docket No. 18]. Dorinda L. Wider, Esq. appeared on behalf of Plaintiff; Carol A. Kubic, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Plaintiff shall served upon Defendants not later than 5:00 p.m. on August 15, 2002 amended responses to Defendants' Interrogatory Nos. 1, 2 and 5 and Document Request Nos. 1, 2, 4 and 5. In such responses, Plaintiff shall fully respond to the requests with facts or documents that support certification of the class as the class is currently defined in the Complaint, to the extent that such information or documents have

AUG 0 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

not already been produced, do not exist or are protected from disclosure by a privilege.

2. Where the requested information or documents have already been produced by Plaintiff or if the information or documents do not exist, Plaintiff shall so indicate in her responses.

3. Where Plaintiff claims that such information is protected from disclosure by a privilege, Plaintiff shall so indicate in a privilege log setting forth the basis of the claimed privilege.

4. Defendants' request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(4) is denied.

Dated: August 2, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

**MEMORANDUM**

To provide guidance to the parties with respect to what must be produced under this Order, the Court makes the following comments. The work product doctrine is set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that a party may not obtain discovery of items prepared in anticipation of litigation by or for another party unless the party seeking discovery can show (1) that it has substantial need of the materials in the preparation of its case, and (2) that it is unable without undue hardship to obtain the substantial equivalent of the items by other means. However, before the party seeking discovery is required to make this showing of undue hardship and substantial need, the opposing party has the burden of demonstrating that the material

meets the definition of attorney work-product. Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512 (D. Minn. 1997)(citing Rabushka v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997)).

> In order to satisfy [its] burden, that the requested material falls within the qualified immunity of Rule 26(b)(3), [Defendant] must make three showings; namely, that the materials are: 1) documents and tangible things; 2) prepared in anticipation of litigation or for trial; and 3) by or for another party by or for that other party's representative.

Onwuka, 178 F.R.D. at 512 (citing Fed. R. Civ. P. 26(b)(3)).

Here, we are satisfied that documents retrieved by Plaintiff from public court files are protected by the work product doctrine. The documents were gathered by Plaintiff's counsel in preparation for litigation of this matter. Moreover, since the documents are part of the public record, Defendants have equal access to them and they have not made a showing of substantial hardship. Thus, Plaintiff need not disclose such documents.

With respect to any other documents or information sought by Defendants in their Interrogatories or Document Requests that Plaintiff has been ordered to disclose, the Court reminds the parties that the Federal Rules of Civil Procedure provide as follows with regard to privilege logs:

> **(5) Claims of Privilege or Protection of Trial Preparation Materials.** When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the

applicability of the privilege or protection.

F. R. Civ. P. Rule 26(b)(5).

Here, if Plaintiff claims certain documents or information are subject to protection from disclosure because of a privilege, she must produce a privilege log setting forth the basis of such privilege as required by Rule 26(b)(5).

S.R.N.